TOWAR COTTON MILLS, INC. *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 196. Argued January 29, 1926.—Decided March 1, 1926.

1. Where there are no findings of the Court of Claims that claimant suffered any loss or damage under, or by reason of the cancelation of, his contract with the War Department, it is unnecessary to consider whether an award, made by the Secretary of War and accepted by the claimant, was binding on the latter. P. 377.

2. Where claimant entered into two contracts, one to supply goods to the Government and the other, later, by which the Government advanced money to carry out the first and took his note, upon which were to be credited deductions from payments falling due under the first, an award to the claimant on the first, (after its cancelation,) did not bar the Government's counterclaim on the note; and the award was properly credited as of its date, rather than the date when the earlier contract was canceled. P. 377.

59 Ct. Cls. 841, affirmed.

APPEAL from a judgment of the Court of Claims dismissing claimant's petition and awarding recovery to the United States on a counterclaim.

*Mr. Raymond M. Hudson* for appellant.

*Assistant Attorney General Galloway,* with whom *Solicitor General Mitchell* was on the brief, for the United States.

MR. JUSTICE STONE delivered the opinion of the Court.

This appeal was taken from a judgment of the Court of Claims (Jud. Code, § 142, before its repeal by Act of February 13, 1925,) dismissing appellant's petition and adjudging that the United States was entitled to recover on a counterclaim set up in its answer in that court.

The appellant entered into a contract with the Government, dated June 24, 1918, to supply it with a quantity of cloth at a specified price. It was provided by the contract that the Government might, in the event of the termination of the war, cancel the contract with respect to cloth not delivered. The contract contained a clause for ascertaining the balance due and payable to the appellant in case of cancellation. By a second contract, of July 6, 1918, the Government undertook to advance money to appellant for the purchase of machinery, equipment and raw material required for the performance of its original contract. Appellant gave its demand note for the principal sum advanced, with interest at 6%, and it was provided by the contract that specified deductions from payments, as they became due from the Government for the cloth delivered, should be credited on the note.

On November 15, 1918, the Government cancelled the original contract after 19.02% of the deliveries stipulated for had been made. Appellant presented a claim to the War Department for the amount due under this contract, and, after proceedings had before the Purchase Claims Board and an appeal to the Board of Contract Adjustment, an award was made to appellant, by authority of the Secretary of War, in the sum of $14,054.59, which was stated by its terms to be " in full adjustment, payment and discharge of said agreement " of June 24, 1918.

On June 3, 1920, appellant accepted the award by a formal statement to that effect written at the end of it and signed by the appellant, by its treasurer.

The cause of action stated by appellant is upon its first contract, of June 24, 1918, and, as the Court of Claims found, all of the items set up by appellant in this suit were embodied in its claim to the War Department on which the award was made. The Government pleaded, by way of counterclaim, the balance due upon the appellant's promissory note, less the amount of the award; and judgment was given against the appellant for this amount, with accrued interest.

Appellant, notwithstanding such cases as *United States v. Adams,* 7 Wall. 463; *Savage, Executrix, v. United States,* 92 U. S. 382, 388; *United States v. Child & Co.,* 12 Wall. 232, 243; *United States v. Justice,* 14 Wall. 535; *Mason v. United States,* 17 Wall. 67, seeks to avoid the effect of the accepted award by setting up that the Secretary of War was without authority to make it and, upon various technical grounds, that appellant's acceptance was not binding.

It is unnecessary for us to consider these contentions; for there are no findings by the Court of Claims that appellant suffered any loss or damage by reason of the cancellation of the contract, and in fact, no findings which would support a judgment in its favor on any theory.

The appellant also objects that, if the award is valid, it is a bar to the Government's counterclaim. But an examination of the award, which is set out in detail in the findings, shows that the award was concerned only with the first contract, of June 24, 1918, and that the items and computations which entered into it related only to that contract. The amount due from the Government upon appellant's note and second contract was unaffected by it.

There is no merit in the objection that the amount of the award should have been credited on appellant's note as of the date of the cancellation of the first contract, thus reducing the amount of interest payable on the note. If the award was valid, it was properly credited as of its

date. If it was invalid, appellant, as already pointed out, has laid no foundation for any offset to the amount due on the note.

*Judgment affirmed.*